## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marion Anthony Norwood, | C/A No. 8:19-cv-00132-JFA-JDA |
| Petitioner, | |
| v. | **ORDER** |
| Warden Edgefield Federal Prison Camp, Disciplinary Hearing Committee, | |
| Respondents. | |

Petitioner Marion Anthony Norwood ("Petitioner"), proceeding *pro se* and *in forma pauperis*, commenced this action by filing a "Motion for Court Order" requesting relief related to "Incident Report number 3205737" and an apparent subsequent disciplinary hearing. (ECF No. 1). The Magistrate Judge assigned to this action has construed this filing as a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1362. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the petition in this case without prejudice and without issuance and service of process because Petitioner has failed to present any extraordinary circumstances to warrant the drastic remedies of mandamus. (ECF No.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on February 15, 2019. (ECF No. 12). The Magistrate Judge required Petitioner to file objections by March 1, 2019. *Id.* Additionally, this Court granted Petitioner's subsequent motion for an extension of time and to amend the complaint[2] which extended the deadline to file objections to April 1, 2019. (ECF No. 18). However, Petitioner did not file any objections, file an amended complaint, or otherwise respond. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation (ECF No. 12). Thus, Petitioner's Petition is **dismissed** without prejudice and without issuance and service of process.

IT IS SO ORDERED.

August 27, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] This order also requested that Petitioner "make clear whether he intends his filing to be construed as a writ of mandamus, a petition for habeas relief pursuant to § 2254, or a complaint pursuant to § 1983." (ECF No. 18).